**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

**LAURIE D. PERRAULT, Individually and as Personal Representative of the Estate of KENNETH LEE PERRAULT, Deceased**
113 Robin Avenue
Stephens City, VA 22655

**and**

**TO THE USE OF ERICH PERRAULT, Minor,**
113 Robin Avenue
Stephens City, VA 22655

**and**

**TO THE USE OF IAN PERRAULT, Minor,**
113 Robin Avenue
Stephens City, VA 22655

**Plaintiffs,**

**v.**

**THE CENTER FOR PAIN MANAGEMENT, L.L.C.**
11921 Rockville Pike
Suite 505
Rockville, MD 20852

**Serve:** Prabaal Dey, M.D.
Suite 505
11921 Rockville Pike
Rockville, MD 20852

**and**

**THE CENTER FOR PAIN MANAGEMENT ASC, L.L.C.**
11921 Rockville Pike
Suite 505
Rockville, MD 20852

**Case No.:** ____________________

**Serve:** Prabaal Dey, M.D.
Suite 505
11921 Rockville Pike
Rockville, MD 20852

**and**

**THE CENTER FOR PAIN MANAGEMENT, P.C.**
11921 Rockville Pike
Suite 505
Rockville, MD 20852

**Serve:** Robert Lee
Suite 505
11921 Rockville Pike
Rockville, MD 20852

**and**

**ALI EL-MOHANDES, M.D.**
The Center for Pain Management,
1150 Professional Court
Suite P
Hagerstown, MD 21740

**Defendants.**

*******************************************************************************

## COMPLAINT

**COMES NOW** the Plaintiff, Laurie D. Perrault, individually and in her capacity as Personal Representative of the Estate of the deceased Kenneth Lee Perrault, her husband, and to the use of the Decedent's surviving children, Erich Perrault and Ian Perrault, by and through her attorneys, Edward L. Norwind, Ronald A. Karp, and Murray D. Scheel of the law firm of Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A., and states the following as her cause of action against the Defendants The Center for Pain Management, L.L.C., The Center

for Pain Management ASC, L.L.C., The Center for Pain Management, P.C., and Ali El-Mohandes, M.D.

## JURISDICTION AND PARTIES

1. At all relevant times up to and including his death, the Decedent Kenneth Lee Perrault and his surviving wife, Plaintiff Laurie D. Perrault, resided in Stephens City, Virginia.

2. Laurie D. Perrault is the duly appointed personal representative of the Estate of Kenneth Lee Perrault and remains a resident of Stephens City, Virginia. She brings this action as the Estate representative, and also individually on her own behalf, and to the use of Erich Perrault and Ian Perrault, their children, pursuant to Maryland Rule 15-1001.

3. Erich Perrault (date of birth May 4, 1992) and Ian Perrault (date of birth June 15, 1988) are the only children of the Decedent Kenneth Lee Perrault and the Plaintiff Laurie D. Perrault. They were minors at the time of their father's death. With their mother, the Plaintiff Laurie D. Perrault, they constitute all the known persons who are or may be entitled by law to damages by reason of the wrongful death of the Decedent Kenneth Lee Perrault.

4. At all relevant times, Defendants The Center for Pain Management, L.L.C., The Center for Pain Management ASC, L.L.C., and The Center for Pain Management, P.C., were business entities organized and existing under the laws of Maryland. All three entities are referred to collectively throughout the rest of this claim as "CFPM." Upon information and belief, CFPM owned and operated The Center for Pain Management located at 1150 Professional Court, Suite P, Hagerstown, Maryland. CFPM rendered the medical care and treatment in question to the Decedent Kenneth Lee Perrault at The Center for Pain Management located at 1150 Professional Court, Suite P, Hagerstown, Maryland, through its

employees and agents, including Ali El-Mohandes, M.D., and Elizabeth Whittington, C.R.N.P.

5. Defendant Ali El-Mohandes, M.D., was at all material times a licensed Maryland physician and an attending physician on the staff of CFPM at 1150 Professional Court, Suite P, Hagerstown, Maryland. At all relevant times Dr. El-Mohandes was an employee or agent of the CFPM, acting within the scope of his employment or agency. Upon information and belief, Dr. El-Mohandes is also a citizen of Maryland.

6. Pursuant to Maryland Code Annotated, Courts and Judicial Proceedings § 3-2A-04, The Plaintiffs filed an initial Claim with the Health Claims Arbitration Office of Maryland on February 28, 2007, along with a Certificate of Merit of a Qualified Expert. Pursuant to Courts and Judicial Proceedings § 3-2A-06B, the Plaintiffs subsequently filed an Election for Waiver of Arbitration on April 19, 2007 and served it on the parties in this action. The Health Claims Arbitration Office issued an Order of Transfer to the United States District Court on May 16, 2007, and, within 60 days after the filing of the Plaintiffs' Election for Waiver of Arbitration, the Plaintiffs filed this instant Complaint with this Honorable Court, pursuant to Courts and Judicial Proceedings § 3-2A-06B(f)(1). Therefore, the Plaintiff has satisfied the administrative prerequisites to the timely filing of this action. A copy of the Plaintiffs' Election to Waive Arbitration and Order of Transfer are attached as Exhibits One and Two.

7. Subject Matter Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1322(a), -(c)(1)-(2). Since the Decedent, Kenneth Perrault, was a citizen of Virginia at the time of his death, and his Estate was filed in Virginia, Plaintiff Laurie D. Perrault is also deemed a citizen of Virginia in her capacity as the Personal Representative of her husband's

Estate, pursuant to 28 U.S.C. § 1322(c)(2). The corporate Defendants are citizens of Maryland pursuant to 28 U.S.C. § 1322(c)(1) because they are all organized under Maryland law, have their principal place of business in Maryland, and, upon information and belief, have their corporate headquarters in Maryland. The Plaintiffs are therefore all citizens of Virginia and the Defendants are all citizens of Maryland. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court therefore has Subject Matter Jurisdiction based on diversity, pursuant to 28 U.S.C. § 1322(a). In addition, this Court also has Personal Jurisdiction of the Defendants because the alleged acts of negligence complained of occurred in Hagerstown, Maryland, in the course of the Defendants' regular business there as health care providers. Venue is also therefore proper in the Northern Division of the United States District Court for the District of Maryland, at Baltimore, pursuant to 28 U.S.C §§ 100(1); 1391 (a)(1)-(2).

**COUNT I**

**(Wrongful Death - Medical Negligence)**

8. The aforesaid Defendants held themselves out to the public at large as possessing that degree of skill, knowledge, and ability ordinarily possessed by health care providers acting under the same or similar circumstances, and these Defendants owed a duty to Kenneth Lee Perrault to exercise the degree of care, skill, and judgment ordinarily exercised by health care providers in like or similar circumstances in their care and treatment of Mr. Perrault.

9. At the time of the treatment in question, Decedent Kenneth Lee Perrault was a forty-five year old man, date of birth August 11, 1960.

10. In 2000, Mr. Perrault started to receive treatment for chronic pain at The Center for Pain Management at 1150 Professional Court, Suite P, Hagerstown, Maryland.

11. In March 2002, Dr. Marc Loev at The Center for Pain Management started treating Mr. Perrault with Prozac.

12. Starting in approximately April 2005, Ali El-Mohandes, M.D., and Elizabeth Whittington, C.R.N.P., under the direction and supervision of Dr. El-Mohandes and of her employer or principal, became Mr. Perrault's treatment providers at The Center for Pain Management.

13. Dr. El-Mohandes and Nurse Practitioner Whittington continued to treat Mr. Perrault with a combination of pain medications that included Prozac.

14. On January 31, 2006, Dr. Ali El-Mohandes and Nurse Practitioner Whittington ordered a prescription for Mr. Perrault to take 10 mg of Methadone three times a day.

15. At the same time, they did not discontinue his treatment with Prozac.

16. Mr. Perrault filled the prescription for Methadone at a pharmacy on February 1, 2006.

17. Mr. Perrault started taking Methadone that day, as prescribed by Dr. El-Mohandes and Nurse Practitioner Whittington.

18. On February 7, 2006, Mr. Perrault's wife found him in an un-arousable state and having difficulty breathing.

19. Emergency medical technicians were dispatched to Mr. Perrault's home *via* a 911 call. The technicians found Mr. Perrault in full cardiac arrest.

20. He was taken to the Winchester Medical Center, where resuscitation was attempted without success.

21. At 07:55 a.m. of that same day, February 7, 2006, he was pronounced dead.

22. An autopsy performed by the Virginia Chief Medical Examiner's office lists the cause of death as methadone poisoning.

23. Defendants The Center for Pain Management, L.L.C., The Center for Pain Management ASC, L.L.C., The Center for Pain Management, P.C., and Ali El-Mohandes, M.D., negligently:

(a) Prescribed an excessive dose of methadone, *i.e.*, too high a dose with dosing intervals that were too short;

(b) Failed to accurately calculate the methadone dose relative to Mr. Perrault's prior narcotics use;

(c) Failed to provide Mr. Perrault with information to enable him to recognize signs and symptoms of Methadone toxicity;

(d) Failed to instruct Mr. Perrault of the potential drug-drug interactions between Methadone and Prozac;

(e) Failed to schedule a follow-up visit (or least to make a follow-up telephone call to Mr. Perrault) within a few days of starting methadone to check for toxicity;

(f) Failed to provide appropriate and adequate supervision of Nurse Practitioner Elizabeth Whittington;

The Defendants were negligent in other ways.

24. These negligences by the Defendants directly caused Mr. Perrault's Methadone toxicity and resulting death.

25. As a direct result of the Decedent's death, his widow, Plaintiff Laurie D. Perrault, has and will suffer grief, mental anguish, emotional pain and suffering, loss of society, companionship, marital care, comfort, advice and protection. Plaintiff Laurie D. Perrault has and will sustain pecuniary loss including lost financial support and other contributions, and the reasonable value of services the Decedent would have provided had he lived his normal expected life. Plaintiff Laurie D. Perrault has been damaged in other ways.

26. The Decedent's surviving children, Erich Perrault and Ian Perrault, have and will sustain grief, mental anguish, emotional pain and suffering, loss of society, companionship, protection, filial care, advice, and the guidance of their father. They have and will sustain pecuniary loss including loss of financial support and other contributions, and the reasonable value of services the Decedent would have provided had he lived his normal expected life. The Decedent's children have been damaged in other ways.

**WHEREFORE,** Plaintiff Laurie D. Perrault, individually and to the use of Erich Perrault and Ian Perrault, demands: (a) A determination that Defendants The Center for Pain Management, L.L.C., The Center for Pain Management ASC, L.L.C., The Center for Pain Management, P.C., and Ali El-Mohandes, M.D., are jointly and severally liable in negligence for the death of Plaintiff's Decedent Kenneth Lee Perrault; and (b) An award against said Defendants, jointly and severally, in the amount of $4,000,000, exclusive of interest and costs, for the wrongful death of Kenneth Perrault, pursuant to Maryland Code Annotated, Courts & Judicial Proceedings § 3-904 et seq.

**COUNT II**

**(Survival Action)**

27. Paragraphs 1 through 26 of this Statement of Claim are re-alleged and incorporated by reference herein.

28. As a result of the aforesaid negligence, Plaintiff's Decedent suffered conscious pain and suffering, anxiety, fright, decreased mental functioning, impaired work functioning, slurred speech, difficult breathing, and loss of consciousness prior to his death. The Decedent's Estate incurred medical expenses, funeral expenses, and lost future income. The Decedent's Estate has been damaged in other ways.

**WHEREFORE,** Plaintiff Laurie D. Perrault, as Personal Representative of the Estate of Kenneth Lee Perrault, demands: (a) A determination that Defendants The Center for Pain Management, L.L.C., The Center for Pain Management ASC, L.L.C., The Center for Pain Management, P.C., and Ali El-Mohandes, M.D., are jointly and severally liable in negligence to the Decedent's Estate; and (b) An award against said Defendants, jointly and severally, in the amount of $1,000,000, exclusive of interest and costs, pursuant to the Survival Act, Maryland Code Annotated, Courts & Judicial Proceedings § 6-401 et seq.

Respectfully submitted,

**KARP, FROSH, LAPIDUS, WIGODSKY & NORWIND, P.A.**

Edward L. Norwind, Esquire, # 08858
LNorwind@karpfrosh.com
Ronald A. Karp, Esquire, #01015
RKarp@karpfrosh.com
Murray D. Scheel, Esquire,# 28070
MScheel@karpfrosh.com
2273 Research Blvd., Suite 200
Rockville, Maryland 20850
301-948-3800 – phone
301-948-5449 – fax
*Attorneys for the Plaintiffs*

**DEMAND FOR JURY TRIAL**

Pursuant to Maryland Rule 2-325(a), the Plaintiffs demand a trial by jury on all issues in this action.

Edward L. Norwind,